UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                    CASE NO. 14-07165-5-DMW

SELCO CONSTRUCTION, INC.,                              Chapter 11
       Debtor-in-Possession

## MOTION FOR SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS

    **COMES NOW** Selco Construction, Inc., the Debtor-in-Possession in the above captioned cases, by and through its undersigned counsel, and hereby moves the Court, pursuant to 11 U.S.C. § 363 and 506(c), for an Order authorizing the sale of certain personal and real property located in Johnston County, North Carolina, free and clear of liens to attach to proceeds pursuant to 11 U.S.C. § 363(f). In support of the Motion, the Debtor respectfully shows unto this Court as follows:

    1.    On 10 December 2014, the Debtor commenced this case by filing the above-captioned petition under Chapter 11 of the United States Bankruptcy Code.

    2.    The Debtor has personal property in the form of equipment and vehicles and real property [hereinafter "Assets"]. The Board has determined that it will be necessary to liquidate these Assets in order to satisfy its creditors.

    3.    For several months, the Debtor has worked with brokers and prospective buyers seeking offers to buy the Assets. After reviewing the many inquires and the written offers, the Debtor has determined that the best method to liquidate the Assets would be through an auction.

    4.    The Debtor has engaged Lloyd Meekins and Sons Auction Co. to conduct a public auction of the property. *See* Exhibit A. Meekins' offer was chosen as the best process as it allows for the assets to be marketed for the highest, best possible return while guaranteeing a minimum profit.

    5.    On 21 May 2015, Meekins will conduct a public auction after a marketing campaign. Meekins will guarantee a payment of $1,400,000 on the personal property and $600,000 on the real property.

    6.    In addition to the equipment list in Exhibit A, the Debtor is the owner of certain real property and improvements with the following descriptions: A 20.6 acres lot and buildings and improvements, at 4083 WILSON MILLS RD, SMITHFIELD, NC 27577. These are the assets that will be held out for sale.

    7.    This Motion is made pursuant to the provisions of Sections 363, 105 and 1101, et seq. of the Bankruptcy Code and subject to Rule 7001 of the Bankruptcy Rules which provide

1

for a subsequent determination of the validity, priority and extent of such liens after due notice and a hearing as provided by law.

       8.     Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor proposes to sell the equipment, the Real Property and improvements thereon free and clear of all liens, encumbrances, rights, interests and claims of record.

       9.     The Debtor asks that the sale of the assets be made free and clear of any and all liens, encumbrances, claims, rights and other interests, including but not limited to the following:

         A. The statutory liens of the Johnston County Tax Collector for ad valorem taxes;

         B. The lien of BB&T as recorded in its Security Agreement and Deed of Trust against the assets;

         C. The lien of Ally Financial on certain vehicles;

         D. The lien of RBS Citizens on one vehicle; and

         E. Any and an remaining interests, liens, encumbrances, rights and claim asserted against the assets, which relate to or arise as a result of a sale of the assets, or which may be asserted against the buyer of the assets, including, but not limited to, those liens, encumbrances, interests, rights and claims, whether fixed and liquidated or contingent and unliquidated, that have or may be asserted against the assets or the buyer of the assets by the North Carolina Department of Revenue, the Internal Revenue Service, and any and all other taxing government authorities.

       10.    The distribution of the proceeds of sale of any encumbered or under-encumbered property shall be subject to payment of any reasonable administrative costs of this proceeding as provided for by Sections 330, 503, 507 and other applicable sections of the Bankruptcy Code, as the Court may allow.

       11.    By separate Motion, the Debtor is seeking approval to employ Meekins as auctioneer to conduct a public auction of these properties and to compensate said auctioneer as a cost of sale.

       12.    After the payment of the costs of sale and compensation as set forth in the Debtor's Application to Employ Auctioneer and administrative costs, the liens of the lienholders shall attach to the proceeds of sale until distribution.

       13.    If any creditor claiming a lien on said Property does not object within the time allowed, they should be deemed to have consented to sale of said Property free and clear of their interests.

**WHEREFORE**, the Debtors prays of the Court as follows:

1. The Court enter an immediate Order allowing the sale of the Assets described herein, free and clear of the liens, claims, encumbrances, rights and interests described herein;

2. The herein described liens shall attach to the proceeds of sale, if any, subject to the relative priorities and in accordance with the Bankruptcy Code;

3. The proceeds of the sale of any under-encumbered property shall be subject to payment of all administrative costs of this proceeding;

4. The proceeds of sale of any over-encumbered property shall be subject to the payment of the reasonable, necessary costs and expenses of preserving, or disposing of such property, to the extent of any benefit to the holder of an allowed secured claim as provided for by Section 506(c), such costs and expenses to be approved by this Court;

5. The Court reserves for a subsequent determination the validity, priority and extent of the liens of such lienholders and claimants make such claim;

6. That the Court approve and authorize the Debtor to enter into and consummate the sale of the Assets to any purchasers as necessary to effectuate this Order;

7. The Court order that any purchaser of the Assets does not assume, have any liability for, or in any manner be responsible for any liabilities or obligations of the Debtor and the estate, whether in rem claims or in personam claims;

8. The Court permanently enjoin all creditors and claimants of the Debtor and all persons having an interest of any nature derived through the Debtors, from pursuing any action against the purchaser of the Assets or the Assets once acquired by the purchaser; and

9. For such other and further relief as the Court may deem appropriate.

Respectfully submitted this 26th day of April 2015.

**J.M. Cook, P.A.**

By: /s/ <u>J.M. Cook</u>
        J.M. Cook
        Attorney at Law
        5886 Faringdon Place
        Suite 100
        Raleigh, NC  27609
        Tel: (919) 675-2411
        Fax: (919) 882-1719
        Email: <u>J.M.Cook@jmcookesq.com</u>

## CERTIFICATE OF SERVICE

I, J.M. Cook, of 5886 Faringdon Place, Suite 100, Raleigh, NC, 27609, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing Motion electronically upon the Bankruptcy Administrator and other counsel of record appearing on the docket and upon the following parties by mailing, postage prepaid, first class mail, addressed as follows:

Selco Construction, Inc.
Attn: Franklin W. Eason, Pres.
P.O. Box 1142
Smithfield, NC 27577

I certify under penalty of perjury that the foregoing is true and correct.

This 26th day of April 2015.

**J.M. Cook, P.A.**

By: /s/ <u>J.M. Cook</u>
J.M. Cook
Attorney at Law
5886 Faringdon Place
Suite 100
Raleigh, NC  27609
Tel: (919) 675-2411
Fax: (919) 882-1719
Email: J.M.Cook@jmcookesq.com